

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3425 | **DATE** | March 28, 2003 |
| **CASE TITLE** | | *Brookins v. Coldwell Banker* | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached Memorandum and Order, the Court declines to grant Brookins leave to appeal from the bankruptcy court's interlocutory order. The appeal is, therefore, dismissed for lack of jurisdiction. The Clerk is directed to enter a Fed.R.Civ.P. 58 Judgment terminating this case.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HOWARD BROOKINS, JR., ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | No. 02 C 3425 |
| ) | |
| COLDWELL BANKER, ) | |
| ) | |
| Appellee. ) | |

## MEMORANDUM AND ORDER

Howard Brookins brings this appeal pursuant to 28 U.S.C. § 158(a) and seeks review of a bankruptcy court order requiring him to produce, with certain limitations, his file relating to his representation of a former client. For the following reasons, this appeal is dismissed for lack of jurisdiction.

## I. Background

Brookins, an attorney, represented Janquenatta Anderson at the closing of the sale of her home. Subsequently, Anderson filed suit in the United States Bankruptcy Court, Northern District of Illinois, against both the sellers and broker involved in the sale. (Bankr. Case Nos. 98 B 13975; 99 A 00016.)

During the course of the bankruptcy court litigation, Coldwell Banker issued a subpoena to Brookins for a deposition scheduled on October 1, 2000. The subpoena also requested that Brookins bring documents related to the closing on Anderson's home. At the deposition, Brookins asserted that the contents of his file on the Anderson closing were subject to the attorney-client privilege. After an adjournment of the deposition, and unsuccessful correspondence, Coldwell Banker filed a motion to compel requesting production of the

Anderson file. In his response to Coldwell Banker's motion, Brookins asserted, in addition to his privilege claim, that he had an unsatisfied retaining lien over the Anderson file, and thus would not produce its contents. The bankruptcy court granted Coldwell Banker's motion and ordered Brookins to make the file available for inspection, subject to certain conditions. Brookins seeks appellate review of this production order.

## II. Discussion

Bankruptcy appeals as of right are limited to "final judgments, orders and decrees ... of bankruptcy judges." 28 U.S.C. § 158(a). Alternatively, § 158(a)(3) permits district courts, in their discretion, to hear appeals "from other interlocutory orders and decrees." There is no doubt that the order from which Brookins now appeals is not a final order; rather, it is an interlocutory discovery order. Thus, jurisdiction here is proper only if the Court, sitting in its appellate jurisdiction, grants leave for the appeal to proceed.

Neither the Bankruptcy Code nor the Bankruptcy Rules provide any criteria to guide the exercise of this Court's discretion. Therefore, courts interpreting § 158(a)(3) turn to the familiar standards set forth at 28 U.S.C. § 1292(b) which govern when courts of appeal will grant leave to appeal a district court's interlocutory order. *See In re. Midwest Video Games, Inc.*, 1998 WL 395152, at *2 (N.D.Ill. July 9, 1998); *Carlson v. Brandt*, 1997 WL 534500, at *6 ( N.D. Ill. Aug. 22, 1997); *S.N.A. Nut Co. v. Nat'l Union Fire Ins. Co.*, 1996 WL 411290, at *4 (N.D. Ill. July 19, 1996). Section 1292(b) authorizes appellate review of a nonfinal order when (i) the order involves a controlling question of law, (ii) as to which there is substantial ground for difference of opinion, (iii) and an immediate appeal will materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b). The backdrop to this analysis is the Seventh Circuit's

admonition that "[t]he general and very salutary rule is that discovery orders are not appealable until the end of the case." *Union Carbide Corp. v. U.S. Cutting Service, Inc.*, 782 F.2d 710, 712 (7th Cir. 1986).

The Court need not tarry long in concluding that resolution of the present discovery dispute fails to present a controlling question of law. *See Santa Fe Industries, Inc. v. Yorke*, 1991 WL 18483, at *1 (N.D. Ill. Feb. 11, 1991) ("It is difficult to decipher how a discovery order could be a controlling question of law.") Even if disclosure of the information contained in the Anderson file ultimately impacts the course of the underlying action, the bankruptcy court's order, standing alone, is not dispositive of any controlling legal issue.

Second, to establish a "substantial ground for a difference of opinion," Brookins had to, at least, set forth a sufficient number of conflicting decisions regarding the claimed controlling issue of law. *See Carlson*, 1997 WL 534500, at *6. Brookins has not done so and his objections to the bankruptcy court's order, though multiple and vociferous, do not demonstrate a substantial ground for a difference of opinion which requires this Court's immediate intervention. *See id.* ("[G]eneralized opposition to an adverse ruling is insufficient to demonstrate substantial ground for difference of opinion.") Nor do the nature of Brookins' privilege and retaining lien objections relax the general rule that interlocutory discovery orders are not appealable. *See E.H. Reise v. Board of Regents of the Univ. of Wisconsin*, 957 F.2d 293, 295 (7th Cir. 1992) ("[E]ven orders to produce information over strong objections based on privilege are not appealable, despite the claim that once the cat is out of the bag the privilege is gone.")

Finally, although a colorable argument could be made that this Court's resolution of the production dispute would expedite *that* issue, it is far from clear that its resolution would

3

advance the ultimate determination of the litigation. Moreover, the Court is reluctant to permit piecemeal appeals of discovery questions best left to the discretion of the bankruptcy judge. *See Jartran v. Fruehauf*, 886 F.2d 859, 863 (7th Cir. 1989) ("To routinely permit separate appeals as to each distinct claim or issue raised . . . would obviously undermine the finality rule entirely.").

To the extent that the bankruptcy judge did commit an error, and this Court makes no findings, express or implied, that she did, there remains ample opportunity for Brookins to air his objections before the bankruptcy judge. In addition, Brookins is not denied meaningful appellate review merely because he must await a final disposition in the bankruptcy court. *See In re. Lifschultz Fast Freight Corp.*, 127 B.R. 418, 419 (N.D. Ill. 1991). In sum, the bankruptcy court's garden variety discovery order does not present the unique circumstances that warrant immediate appellate review.

## III. Conclusion

Accordingly, the Court, in its discretion under 28 U.S.C. § 158(a), declines to grant Brookins leave to appeal from the bankruptcy judge's interlocutory order. This appeal is, therefore, dismissed for lack of jurisdiction.

DATE: March 28, 2003

Blanche M. Manning
United States District Court Judge

4